AO 245B    (Rev. 11/16) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| | ) | Case Number:    13CR440KAM] |
| Ercan Findikoglu | ) | USM Number:    86005-053 |
| | ) | Christopher Paul Madiou, Esq. |
| | ) | Defendant's Attorney |

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 16 2017 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

✔ pleaded guilty to count(s)    1, 8, 10, 12, and 14 of an 18 count Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Computer Intrusion Conspiracy, Class D Felony | 7/31/2013 | 1 |
| 18 U.S.C. §§ 1029(b)(2) 1029(a)1), 1029(a)(2), 1029(a)(3), 1029(a)(5) and 1029(c)(1)(A)(ii) | Access Device Fraud Conspiracy, Class D Felony | | 8 |
| 18 U.S.C. §§ 1029(a)(5) and 1029(c)(1)(A)(ii) | Effecting Transactions with Unauthorized Devices | | 10, 12 and 14 |

     The defendant is sentenced as provided in pages 2 through    8    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✔ Count(s)    2 through 7, 9, 11, 13, 15 through 18    ☐ is    ✔ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 10, 2017
Date of Imposition of Judgment

s/KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

February 10, 2017
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Ercan Findikoglu
CASE NUMBER: 13CR440[KAM]

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

96 months incarceration, with credit for time served since his December 19, 2013 arrest. He is encouraged to participate in the BOP's Financial Responsibility Program that will assist him with making payments towards his restitution, forfeiture, and assessment obligations. The BOP is requested to provide Mr. Findikoglu with educational, vocational training, and or mental health counseling if requested.

☑ The court makes the following recommendations to the Bureau of Prisons:

That Mr. Findikoglu be designated to Danbury, if eligible, or Fort Dix, or Otisville.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: Ercan Findikoglu
CASE NUMBER: 13CR440[KAM]

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: __36 months with special conditions.__

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you
      pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Ercan Findikoglu
CASE NUMBER: 13CR440[KAM]

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: Ercan Findikoglu
CASE NUMBER: 13CR440[KAM]

## SPECIAL CONDITIONS OF SUPERVISION

1. Mr. Findikoglu shall comply with the Restitution, Forfeiture, and Assessment obligations.

2. Mr. Findikoglu shall make full and complete financial disclosure to the probation Department and the U.S. Attorneys Office of all income and assets, whether held directly or indirectly by, or for Mr. Findikoglu.

3. Mr. Findikoglu shall not possess a firearm, ammunition, or destructive device.

4. Mr. Findikoglu shall permit random examinations and comply with limitations on access imposed by the Probation Department for any computers, smart phones, or any similar electronic device and online accounts.

5. If Mr. Findikoglu is deported or removed from the United States, Mr. Findikoglu may not serve his term of supervised release and he may not return to the United States illegally.

### RESTITUTION

Restitution is ordered in the amount of $55,080,226.14, of which $10,024,539, is owed to JP Morgan Chase, $40,312,484.71 is owed to the Bank of Muscat, and the balance of $4,743,202.43, is owed to RakBank, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment pro rata to the victim financial institutions. The Clerk of Court shall forward the pro rata restitution payments of $10,024,539 to JP Morgan Chase, located at: 480 Washington Blvd, Floor 10. Jersey City, NJ 07310-1616. Of the remaining balance $40,312,484.71 is owed to Bank of Muscat c/o N. Simpson, Addleshaw Goddard (Middle East) LLP, P.O. Box 506555 Level 2 Al Fattan Currency House, Dubai International Financial Center, United Arab Emirates. The balance of $4,743,202.43 is owed to RakBank, The National Bank of Ras Al-Khaimah, Attn: Graham Honeybill CEO, RAKBANK located at: PO Box 5300, Ras Al-Khaimah, United Emirates. Mr. Findiklogu is jointly and severally liable with defendants in 13CR259[KAM] USA v. Jose Angeley Valerio, Evan Pena, Jose Familia Reyes, Elvis Rafael Rodriguez, Jaindhi Polanco, Saul Genao, Anthony Diaz, Franklyn Ferreira, Emir Yasser Yeje, Chung Yu-Holguin, Saul Franjul, Joan Luis Minier Lara, for $2.4 million loss suffered by Bank of Muscat and with Diego Miguel Riveros Arria for $95,559.76, in losses suffered by JP Morgan Chase. Restitution is due and payable immediately from available assets and shall be paid at a minimum monthly rate of 15% of his gross monthly income after deductions required by law. Payments shall begin immediately, on the first day of each month, starting the first day month after Mr. Findikoglu's release, and continuing thereafter until the restitution amounts are fully paid. To the extent there are other individuals who were involved in the schemes and are convicted at a later time for their participation, the defendant will also be held jointly and severally liable with those individuals for the loss suffered by the Bank of Muscat and JP Morgan Chase.

### FORFEITURE

Mr. Findikoglu has consented to pay a Forfeiture money judgment in the amount of $55,080,226.14. The court notes and the government has confirmed that Mr. Findikloglu has paid $25,878 towards his forfeiture obligation. The Final Order and Judgment of Forfeiture is attached hereto and incorporated herein as part of this judgment. If forfeited assets are remitted to the victims, the defendant shall receive credit against his restitution obligation.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

**DEFENDANT:** Ercan Findikoglu
**CASE NUMBER:** 13CR4400[KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 500.00 | $0.00 | $ 0.00 | $ 55,080,226.14 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

✔ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk to forward payments to:<br>Bank of Muscat c/o<br>N. Simpson, Addleshaw Goddard<br>(Middle East) LLP<br>P.O. Box 506555 Level 15<br>Tower 2 Al Fattan Currency House<br>Dubai International Financial<br>Center, United Arab Emirates | 40,312,484.71 | 40,312,484.71 | |
| Clerk to forward payments to:<br>RAKBANK<br>The National Bank of Ras-Khamah<br>Attn: Graham Honeybill, CEO<br>P.O. Box 5300, Ras-Al-Khaimah<br>United Arab Emirates | 4,743,202.43 | 4,743,202.43 | |
| Clerk to forward payments to:<br>JP Morgan Chase Restitution Pymts<br>480 Washington Blvd, Floor 10<br>Jersey City, NJ 07310-1616<br>Attn: Darlecia Nivins | 10,024,539.00 | 10,024,539.00 | |
| **TOTALS** | $ 55,080,226.14 | $ 55,080,226.14 | |

✔ Restitution amount ordered pursuant to plea agreement $55,080,226.14

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution  ☐ special assessment.

 ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Ercan Findikoglu
CASE NUMBER: 13CR440[KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ✔ Lump sum payment of $ 55,080,226.14 (Rest and Assess) due immediately, balance due
   ☐ not later than _____ , or
   ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ✔ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ✔ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ✔ Special instructions regarding the payment of criminal monetary penalties:

Restitution is ordered in the amount of $55,080,226.14, of which $10,024,539, is owed to JP Morgan Chase, $40,312,484.71 is owed to the Bank of Muscat, and the balance of $4,743,202.43, is owed to RakBank, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment pro rata to the victim financial institutions. The Clerk of Court shall forward the pro rata restitution payments of $10,024,539 to JP Morgan Chase, located at: 480 Washington Blvd, Floor 10. Jersey City, NJ 07310-1616. Of the remaining balance $40,312,484.71 is owed to Bank of Muscat c/o N. Simpson, Addleshaw Goddard (Middle East) LLP, P.O. Box 506555 Level 2 Al Fattan Currency House, Dubai International Financial Center, United Arab Emirates. The balance of $4,743,202.43 is owed to RakBank, The National Bank of Ras Al-Khaimah, Attn: Graham Honeybill CEO, RAKBANK located at: PO Box 5300, Ras Al-Khaimah, United Emirates. Mr. Findiklogu is jointly and severally liable with defendants in13CR259[KAM] USA v. Jose Angeley Valerio, Evan Pena, Jose Familia Reyes, Elvis Rafael Rodriguez, Jaindhi Polanco, Saul Genao, Anthony Diaz, Franklyn Ferreira, Emir Yasser Yeje, Chung Yu-Holguin, Saul Franjul, Joan Luis Minier Lara, for $2.4 million loss suffered by Bank of Muscat and with Diego Miguel Riveros Arria for $95,559.76, in losses suffered by JP Morgan Chase. Restitution is due and payable immediately from available assets and shall be paid at a minimum monthly rate of 15% of his gross monthly income after deductions required by law. Payments shall begin immediately, on the first day of each month, starting the first day month after Mr. Findikoglu's release, and continuing thereafter until the restitution amounts are fully paid. To the extent there are other individuals who were involved in the schemes and are convicted at a later time for their participation, the defendant will also be held jointly and severally liable with those individuals for the loss suffered by the Bank of Muscat and JP Morgan Chase.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward the joint and several restitution imposed.

✔ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Defendants in13CR259[KAM] USA v. Jose Angeley Valerio, Evan Pena, Jose Familia Reyes, Elvis Rafael Rodriguez, Jaindhi Polanco, Saul Genao, Anthony Diaz, Franklyn Ferreira, Emir Yasser Yeje, Chung Yu-Holguin, Saul Franjul, Joan Luis Minier Lara, for 2.4 million loss suffered by Bank of Muscat and with Diego Miguel Riveros Arria for $95,559.76, in losses suffered by JP Morgan Chase.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
✔ The defendant shall forfeit the defendant's interest in the following property to the United States:

Mr. Findikoglu has consented to pay a Forfeiture money judgment in the amount of $55,080,226.14. The court notes and the government has confirmed that Mr. Findikoglu has paid $25,878 towards his forfeiture obligation. The Final Order and Judgment of Forfeiture is attached hereto and incorporated herein as part of this judgment. If forfeited assets are remitted to the victims, the defendant shall receive credit against his restitution obligation.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

SLR:LDM:BDM
F#: 2013R001131

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 16 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,

   -against-

ERCAN FINDIKOGLU,

   Defendant.

----------------------------------X

FINAL ORDER
OF FORFEITURE

13-CR-440 (KAM)

WHEREAS, on or about March 1, 2016, the defendant ERCAN FINDIKOGLU (the "defendant") entered a plea of guilty to Counts One, Eight, Ten, Twelve and Fourteen of the above-captioned Indictment, charging violations of 18 U.S.C. §§ 371, 1029(a)(5), and 1029(b)(2); and

WHEREAS, on May 6, 2016, this Court entered a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure providing for the entry of a forfeiture money judgment in the amount of fifty-five million eighty thousand two-hundred twenty-six dollars and fourteen cents ($55,080,226.14) (the "Forfeiture Money Judgment"), in addition to finding that all right, title and interest in approximately fourteen thousand euros, more or less, seized on or about June 23, 2015 (the "Seized Currency") was forfeitable to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), and 1030(i)(1), as (a) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of his violations of 18 U.S.C. §§ 371, 1029(a)(5), and 1029(b)(2); (b) any personal property used or intended to be used to commit or facilitate his violations of 18 U.S.C. §§ 371, 1029(a)(5), and 1029(b)(2);

and/or (c) as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by in 18 U.S.C. §§ 982(b)(1), 1029(c)(2) and 1030(i)(2);

WHEREAS, legal notice of the forfeiture was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning on June 16, 2016, and ending on July 15, 2016; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Seized Currency and the time to do so under 21 U.S.C. § 853(n)(2) has expired;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), 1030(i)(1), and 21 U.S.C. § 853(p), and the Preliminary Order of Forfeiture, all right, title, and interest in the Seized Currency and payments towards the Forfeiture Money Judgment are hereby condemned, forfeited, and vested in the United States of America.

IT IS FURTHER ORDERED that the United States Secret Service, or its duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Seized Currency and payments towards the Forfeiture Money Judgment in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purposes of enforcing the Preliminary Order and this Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Final Order and the Preliminary Order of Forfeiture.

IT IS FURTHER ORDERED that the Clerk of Court shall send by inter-office mail four (4) certified copies of this executed Final Order of Forfeiture to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       February 10, 2017

SO ORDERD:

_s/KAM_
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK